Form 7
(04/07)

### STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re:   FL 6801 Collins North LLC _____      Case No. _____ 14-11692 _____
         (Debtor)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, tranfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None", mark the box labeled "None"**.  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In Business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                      :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FL 6801 SPIRITS LLC, *et al.,* | : | Case Nos. 14-11691 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

------------------------------------------------------------------X

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY AND DISCLAIMER
## REGARDING THE DEBTORS'
## SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS

FL 6801 Spirits LLC ("Spirits"), FL 6801 Collins North LLC ("6801 North"), FL 6801 Collins Central LLC ("6801 Central"), FL 6801 Collins South LLC ("6801 South," together with 6801 North, 6801 Central, and Spirits, the "Debtors") as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") have filed their respective Schedules  and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Statements in accordance with section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Anthony Barsanti has signed each set of the Statements. Mr. Barsanti is the Vice President of Lehman ALI Inc., the sole member of PAMI ALI LLC, which in turn is the sole member and manager of Spirits and the authorized signatory for all of the Debtors.

In reviewing and signing the Schedules Statements, Mr. Barsanti has necessarily relied upon the efforts, statements and representations of various personnel of the Debtors with assistance from the Debtors' advisors and information provided by CR Miami LLC, CR License LLC and Spa Project Advisors Property (collectively, "Canyon Ranch"), as the manager of the Debtors' property. Mr. Barsanti has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records and the records provided by Canyon Ranch as the manager of the Debtors' property that were available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Statements.  As a result, inadvertent errors or

omissions may exist.  The Debtors reserve all rights to amend or supplement the Statements as is necessary and appropriate.

The Schedules and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors

1.    **Description of Cases.**  On June 1, 2014, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 3, 2014 an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 19].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Statements.  All asset and liability information contained in the Statements, except where otherwise noted, is reported as of the close of business on June 1, 2014.

2.    **Purpose of Global Notes.**  These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[1]  These Global Notes are in addition to the specific notes set forth in the Schedules and Statements. Disclosure of information in one Schedule, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement. The fact that the Debtors have prepared a note with respect to a particular Schedule or Statements and not to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such note to any or all of the Debtors' remaining Schedules or Statements, as appropriate.  The Schedules, Statements and Global Notes should not be relied upon by any persons for information relating to current information relating to current or future financial conditions, events or performance of any of the Debtors.

3.    **Methodology.**

    (a)    **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor, although the Schedules and Statements may, at times, incorporate information prepared in accordance with GAAP. The Schedules and Statements contain unaudited information that is subject to further review and

---

[1]    The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements.

potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Historically, the Debtors' financial statements were prepared on a consolidated basis with certain additional non-Debtor affiliates. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for reporting purposes or otherwise. Reflection in the Schedules and Statements of assets greater than liabilities is not an admission that a Debtor was solvent on its Petition Date or at any time prior to its Petition Date. Likewise reflection in Schedules and Statements of liabilities greater than assets is not an admission that the Debtors were insolvent at their respective Petition Dates or any time prior to the Petition Date.

(b)     **Consolidated Entity Accounts Payable and Disbursement Systems**. An individual Debtor's Schedules and Statements may include payments made by the Debtor for another Debtor or non-Debtor affiliate.  Payment made by another Debtor or non-Debtor affiliate on behalf of the filing Debtor, however, are not necessarily included in the Debtor's Schedules and Statements, and described in the Debtors' cash management system as authorized and approved under the Final Order pursuant to Bankruptcy Code Sections 105(A), 345, 363, 364 And 503(B)(1) Authorizing: (I) Continued Maintenance of Existing Bank Accounts;  (II) Continued Use of Existing Business Forms;  (III) Continued Use of Existing Cash Management System;  and (IV) Waiver of Certain Guidelines Relating to Bank Accounts [Dkt No. 68].

(c)     **Confidential Information.**   There may be instances in the Schedules or the Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality or concerns for the privacy of an individual.

(d)     **Insiders**.   For purposes of the Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares; and (d) relatives of directors, officers, or shareholders of the Debtors.

(e)     **Current Market Value.** Unless otherwise indicated, asset valuations in the Debtors' Schedules and Statements are based on the Debtors' current best estimate of fair market from various

sources, including, where available external appraisals. Amounts ultimately realized from any asset, or the actual value of any such asset to the extent it must be determined in connection with these Chapter 11 cases, may vary from the values stated in the Schedules and Statements and such variance may be material. The Debtors' reserve the right to contend and/or prove that the value of any asset set forth in the Schedules may, in fact, be different from the value ascribed to that asset in the Schedules and Statements.

**(f)** **Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate.

**(g)** **Undetermined Amounts**. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

**(h)** **Totals**. All totals that are included in the Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**(i)** **Excluded Assets and Liabilities**. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

**(j)** **Liens.** The inventories, property and equipment listed in the Statements are presented without consideration of any liens**.**

**4.** **Reservations and Limitations**. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

(a) **Claims Description.** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or

4

"unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," 'contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules and Statements on any grounds, including, but not limited to amount, liability, maturity or classification, or to otherwise subsequently designate such claims as "disputed,' contingent" or "unliquidated." Moreover, the Debtors reserve the right to amend their Schedules and Statements as necessary or appropriate. Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, assertion made therein or herein or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

**(b)**    **Estimates and Assumptions**. Historically the Debtors financial statements were prepared and consolidated with certain additional non-Debtor affiliates. Accordingly, the preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates.

**(c)**    **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**(d)**    **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.

**Global Notes Control.**  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control. The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and Statements as and to the extent necessary as appropriate.

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692

None  **1.**      **Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of the calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE |
|---|---|---|
| | 2012 | 2013 |
| Gross Proceeds | 104,574,602 | 30,494,168 |
| Basis * | 54,816,301 | 12,945,743 |
| Gains | **49,758,301** | **17,548,425** |

**\*The basis represents the Debtors allocated portion of the fair market value obtained from an appraisal at the time of ownership and does not represent the total indebtedness, which was in excess of $400 million, owed to certain debtors in the consolidated bankruptcy of Lehman Brothers Holdings Inc (Chapter 11 Case no: 08-13555).**

NOTE:
The Debtor's income amounts above are presented on a consolidated basis and are reported under Lehman ALI INC (tax identification number No. 13-3695935).

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692



**2.**        **Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or
operation of the debtor's business during the **two years** immediately preceding the commencement of this
case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors
filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

**AMOUNT**                    **SOURCE**

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

3. **Payments to creditors** *(Complete a. or b., as appropriate, and c.)*

☐
None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all the property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| 1. PAMI ALI LLC<br>c/o Lehman Brothers Holdings<br>1271 Avenue of Americas<br>39th Floor<br>New York, NY 10036<br>Relationship: Affiliate of FL 6801 Collins North LLC | 3/31/14 | 176,502 | 844,247 |

☒ X
None

b. *Debtor whose debts are not primarily consumer debts:* List each payments or transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $6,225. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

☐
None

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| 1. PAMI ALI LLC<br>c/o Lehman Brothers Holdings<br>1271 Avenue of Americas<br>39th Floor<br>New York, NY 10036<br>Relationship: Affiliate of FL 6801 Collins North LLC | 3/31/14 | 176,502 | 844,247 |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

**4.**    **Suits and administrative proceedings, executions, garnishments and attachments**

None    **a.**    List all suits and administrative proceedings to which the debtors is or was a party within **one year** immediately preceding the filing of this
bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT/AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 1. KATZ, MELTZER CONSTRUCTION COMPANY AND PLAZA CONTRACTING d/b/a KM/PLAZA v FL 6801 COLLINS NORTH, LLC CASE NO: 2010-31272 CA | Contractor Construction Defect Claim | 11th Judicial Circuit Court - Miami Dade Miami, Florida | Case Pending |
| 2. KM/PLAZA v BCI, DELTA PAINTING INC., DILLON POOLS, INC., J.D. WATERPROOFING, INC. DECKTIGHT ROOFING SERVICES INC., AND MIAMI DRYWALL & STUCCO INC. CASE NO: 2010-31272 CA | Third Party Complaint | 11th Judicial Circuit Court - Miami Dade Miami, Florida | Case Pending |
| 3. NORTH CARILLON BEACH CONDOMINIUM v FL 6801 COLLINS NORTH, LLC, FL 6801 COLLINS SOUTH LLC, FL 6801 COLLINS CENTRAL, LLC Case No: 2014-4356-CA-01 | Complaint for Declatory Relief | 11th Judicial Circuit Court - Miami Dade Miami, Florida | Case Pending |

*Litigation being reported on a consolidated basis*



None    **b.**    Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692


None

**5.**   **Repossessions, foreclosures, and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceeding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692

6.      **Assignments and receiverships**

X
None    **a.**      Describe any assignment of property for the benefit of creditors made within **120 days** immediately
preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include payments by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

X
None    **b.**      List all property which has been in the hands of a custodian, receiver, or court-appointed official with
**one year** immediately preceding the commencement of this case.  (Married debtors filing under
chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692


None

**7.** **Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692



None    **8.**    **Losses**

List all losses from fire, theft and other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692

☐
None   **9.**    **Payments Related to Debt Counseling or Bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| 1. Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, NY 10019 | 04/01/14<br>PAMI ALI | $   150,000.00 |
| 2. Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, NY 10019 | 04/14/14<br>PAMI ALI | $   125,000.00 |
| 3. Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, NY 10019 | 05/12/14<br>PAMI ALI | $    75,000.00 |

*Reported on a consolidated basis

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692

**10.     Other Transfers**

| X |
|---|
None    **a.**    List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

| |
|---|
None    **b.**    List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| KM PLAZA LIEN ESCROW | 6/4/13 | $    1,583,637 |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692


None

**11.**        **Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692


None

**12.     Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692


None   **13.**      **Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**NAME AND ADDRESS**
**OF CREDITOR**              **DATE OF SETOFF**            **AMOUNT OF SETOFF**

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692



None

**14.**       **Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692


None

**15.**    **Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692

| X |
|---|
| None |

**16.**        **Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NAME**

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

**17.** **Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, ground water, or other medium, including but not limited to, statutes regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.


None **a.** List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None **b.** List the name and address of every site for which the debtor provided notice to a governmental unit of a release of hazardous material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None **c.** List all judicial or administrative proceedings, including settlements or orders, under any environmental law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

**18.    Nature, location and name of business**

 **a.**    *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned five percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned five percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned five percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

**FL 6801 Spirits LLC**
*TIN 27-1139006*
*Opening Date: Sept. 30, 2009*
*1271 Avenue of Americas*
*39th Floor*
*New York, NY 10020*

**FL Collins South LLC**
*TIN 27-0943597*
*Opening Date: Aug. 4, 2009*
*1271 Avenue of Americas*
*39th Floor*
*New York, NY 10020*

**FL Collins Central LLC**
*TIN 27-1139108*
*Opening Date: Oct. 9, 2009*
*1271 Avenue of Americas*
*39th Floor*
*New York, NY 10020*

**FL Collins North LLC**
*TIN 27-0943498*
*Opening Date: Aug. 4, 2009*
*1271 Avenue of Americas*
*39th Floor*
*New York, NY 10020*



**b.**    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**NAME**                                                                                    **ADDRESS**

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**  14-11692

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner or more than five percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full-time or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.**     **Books, records and financial statements**

| X |
|---|

None   **a.**   List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of the books of account and records of the debtor.

| **NAME AND ADDRESS** | **DATES SERVICES RENDERED** |
|---|---|

| X |
|---|

None   **b.**   List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| **NAME AND ADDRESS** | **DATES SERVICES RENDERED** |
|---|---|

| |
|---|

None   **c.***   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account are records are not available, explain.

**NAME AND ADDRESS**
**Jonathan Cohen**
**c/o Lehman Brothers Holdings Inc.**
1271 Avenue of Americas
39th Floor
New York, NY 10020

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner or more than five percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full-time or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*



None   **d.**   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

*Note: The individual listed in response to Statement questions 19-c is not intended to be an exhaustive list of all individuals or parties but rather identifies the individual that supervised or was primarily responsible for the respective tasks

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692

**20.**    **Inventories**

| X |
|---|
| None |

a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

| X |
|---|
| None |

b.    List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

**21.** **Current Partners, Officers, Directors and Shareholders**

☒
None    **a.**    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

☐
None    **b.**    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds five percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCKOWNERSHIP |
|---|---|---|
| FL 6801 SPIRITS LLC<br>1271 Avenue of the Americas<br>35th Floor<br>New York, NY 10020 | Member Managed | 100% |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692

22.      **Former Partners, Officers, Directors and Shareholders**

X
None      a.      If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commence of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
|      |         |                    |

None      b.      If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCKOWNERSHIP |
|------------------|-------|------------------------------------------|
| FL 6801 SPIRITS LLC<br>1271 Avenue of the Americas<br>35th Floor<br>New York, NY 10020 | Member Managed | 100% |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #**   14-11692



None   **23.**       **Withdrawals from a partnership or distribution by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other prerequisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

 **24.** **Tax Consolidation Group**
None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of this case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

| FL 6801 Spirits LLC | FL Collins South LLC | FL Collins Central LLC | FL Collins North LLC | PAMI ALI LLC | Lehman ALI Inc. |
|---|---|---|---|---|---|
| TIN 27-1139006 | TIN 27-0943597 | TIN 27-1139108 | TIN 27-0943498 | TIN 45-4227381 | TIN 13-3695935 |



**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692


None

**25.**     **Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of this case.

**NAME OF PENSION FUND**                    **TAXPAYER IDENTIFICATION NUMBER (EIN)**

**Statement of Financial Affairs**
**FL 6801 Collins North LLC**
**Case #** 14-11692

### DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Anthony Barsanti, as Authorized Signatory of FL 6801 Collins North LLC, declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief

Date: _____7/30/14_____   Signature: _____/s/ Anthony Barsanti, Authorized Signatory_____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C.  § 110)

I, declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____   _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer   Social Security No.(Required by 11 U.S.C. § 110)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

_____   _____
Signature of Bankruptcy Petition Preparer   Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy preparer is not an individual.

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***